UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

DANIEL L. WAGNER,
    Debtor.
_____/

Case No. 11-30138-dof
Chapter 13 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING APPLICATION
FOR COMPENSATION OF COUNSEL FOR DEBTOR

Debtor's counsel, Marrs & Terry, PLLC, seeks compensation of $1,300.00 for attorney fees and $56.16 for expenses. The Chapter 13 Trustee, Carl Bekofske, objects, noting that this Fourth Fee Application, if granted, would award a total of $6,673.04 to Debtor's counsel and that the instant case is not so complex to warrant such an award. Also, the Trustee objects to the following time entries as excessive and unreasonable under 11 U.S.C. § 330(a):

a. 3/6/14 file amended payroll order, email to client 0.1;

Trustee objects to this entry as filing is not compensable as an attorney or paralegal task.

b. 4/4/14 review docket prepare and filed CNR 0.1;

Trustee objects to this entry in part as filing is not compensable as an attorney or paralegal task and in part because the remaining tasks at hand should have been charged at a paralegal rate not an attorney rate.

c. 4/17/14 review documents from client, review trustee records for completion and calculation, email to client re same, note file, review email from client 0.3;

Trustee objects to this entry in part because the tasks indicated are duplicative of numerous other tasks previously billed for and in part because the tasks are not compensable at attorney rates.

1

d. 5/5/14 review 2011, 2012 and 2013 tax returns, review income and expenses, review trustee records for plan calculation and email to client re docs needed and plan options, TC client 0.4;

Trustee objects to this entry as the Debtor's counsel previously billed for reviewing the 2012 tax return on the Third Fee Application. The Trustee asks that this entry be reduced to 0.2 hours.

e. 7/2/14 review paystubs, review Schedule I, email to client for approval prepare plan modification, email to client re same 1.0;

Trustee objects to this entry as the schedule I was not filed and therefore there is not benefit to the estate. The Trustee asks that this entry be reduced to 0.5 hours.

At the oral argument regarding the instant Application, Debtor's counsel agreed the expenses should be reduced to $31.09. The Trustee has not argued that the hourly rate in this Fee Application is inappropriate.

Also at the oral argument, Debtor's counsel agreed that the April 4, 2014, entry should be reduced to reflect the paralegal rate, but that rate was not stated on the record.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## APPLICABLE LAW

11 U.S.C. § 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
> (ii) services that were not–
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

Per *Boddy*, a "court can legitimately take into account the typical compensation that is adequate for attorney fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate."

*Id.*

The professional requesting compensation has the burden of proof regarding the application for compensation. *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007); *In re New Boston Coke Corp.*, 299 B.R. 432 (Bankr. E.D. Mich. 2003).

ANALYSIS

The Trustee did not object to the Applicant's hourly rate, so the first *Boddy* variable is not in issue. What remains is an analysis of each time entry and whether the requested fees are adequate.

The first two objections of the Trustee question whether the services rendered are merely a clerical task or should be billed at a lower rate. The Court sustains the Trustee's objections as both entries indicate that such work was limited to a paper being electronically filed with the Court. As the April 4, 2014, entry contains two services and the Court cannot assign a time value to either, the Court disallows recovery for this entry.

The next Trustee objection is that the April 17, 2014, entry is duplicative of other entries. While a closer issue, the Court did not see a specific instance of duplication after reviewing the other entries, so the Court overrules this objection.

The Trustee requests a reduction of the May 5, 2014, time entry because Debtor's counsel had already billed for the review of the Debtor's 2012 tax return. The February 25, 2014, entry in the Debtor's counsel's Third Fee Application found at Docket No. 47 states that counsel reviewed the 2012 tax returns, so the Court sustains the Trustee's objection.

Finally, the Trustee objects to part of the July 2, 2014, entry because Schedule I was not filed. The Court has reviewed the docket in this case and could not find a filing near the July 2, 2014, date. The Court did note that amendments were signed and filed on September 11, 2014, at Docket No. 73, but this entry is much later than July 2, 2014. The Court finds that .5 hours of services did not benefit the estate and will therefore disallow recovery of $125.00 (.5 hours x $250.00 per hour). To conclude, the Court reduces the fees awarded by $225.00 (.9 hours x $250.00 per hour), and allows fees of $1,075.00 ($1,300.00 - $225.00) and expenses of $31.09. Counsel for the Debtor is directed to prepare an Order consistent with this Opinion and the presentment rules of this Court.

Not for Publication

**Signed on October 08, 2014**

                                               **/s/ Daniel S. Opperman**
                                               **Daniel S. Opperman**
                                               **United States Bankruptcy Judge**